UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HARRY WEATHERBY,

                           Plaintiff,

        -against-                                    1:05-CV-1531 (LEK/RFT)

COMMISSIONER OF SOCIAL SECURITY,

                           Defendant.

_____

**DECISION AND ORDER**

        Presently before the Court is Plaintiff's Motion for attorneys fees pursuant to the Equal

Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, filed on September 30, 2008.  Motion (Dkt. No.

17.)  On September 3, 2008, the Court issued an Order and Judgment remanding the case to the

Commissioner in accordance with sentence four of 42 U.S.C. § 405(g).  Order (Dkt. No. 15);

Judgment (Dkt. No. 16).  A party who obtains a sentence four remand is a "prevailing party" for

purposes of the EAJA and is, therefore, entitled to pursue attorney fees under the EAJA.  Shalala v.

Shaefer, 509 U.S. 292, 301-302 (1993).  Defendant Commissioner of Social Security does not

oppose the Motion.  It is the duty of the Court to review the Motion for fees in accordance with the

EAJA statutory framework and related case law.  See 28 U.S.C. § 2412; Schaefer, 509 U.S. at

297-298, 300-301.

I.      **Discussion**

        The EAJA provides for an award of attorney fees and costs to the prevailing party in social

security litigation against the United States when the government fails to demonstrate that its

1

position was "substantially justified," and absent "special circumstances" making an award unjust.
See 28 U.S.C. § 2412(d)(1)(A); Wells v. Bowen, 855 F.2d 37, 41 (2d Cir. 1988) (citations omitted).
In social security litigation, a plaintiff who succeeds in obtaining a remand under sentence four of
§ 405(g) is a "prevailing party," and may pursue fees under the EAJA.  Schaefer, 509 U.S. at
297-298, 300-301.  On September 3, 2008, this Court entered a Judgment remanding the case to the
Commissioner.  Judgment (Dkt. No. l6).  The burden of proving substantial justification is on the
government.  Rosado v. Bowen, 823 F.2d 40, 42 (2d Cir. 1987).  In this case, Defendant does not
oppose the present Motion or argue that its opposition to Plaintiff's appeal was "substantially
justified" or that "special circumstances" suggest a reduced award.  Accordingly, the government
has failed to show that the agency's position was substantially justified.  After reviewing the record
and the papers submitted by the parties in regard to the present Motion, the Court finds that
Defendant's position was not substantially justified and that no circumstance suggests justice would
be achieved by withholding the reimbursement of fees for a reasonable number of hours expended.

Plaintiff requests fees in the amount of $1,738.95, and has provided time records in support
of this demand. Dkt. No. 17, Ex. A.  This represents reimbursement for 11.5 hours at a rate of $150
per hour[1] and $13.95 to cover costs.  Id.  The government has not objected to the reasonableness of
this amount.  Upon review of the itemized time sheet submitted by Plaintiff's attorney, the Court
finds the number of hours and the total amount reasonable.  Therefore, the Court finds that the

_____

[1] The EAJA requires reimbursement at a rate of $125 per hour, subject to an upward cost of
living adjustment or a special factor justifying a higher fee.  See 28 U.S.C. § 2412(d)(2)(A).  The
rate of $150 per hour is within the cost of living increase adjustment to the EAJA base rate.  The
Consumer Price Index is available from the U.S. Department of Labor, Bureau of Labor Statistics.
See U.S. Dep't of Labor, Consumer Price Index, All Urban Consumers, available at
ftp://ftp.bls.gov/pub/special.requests/cpi/cpiai.txt.

amount requested is reasonable.

**II.      CONCLUSION**

Accordingly, it is hereby

**ORDERED**, that Plaintiff's Motion for attorney fees (Dkt. No. 17) is **GRANTED**, and the

Commissioner of Social Security is directed to pay $1,738.95 to Plaintiff's attorney of record,

Thomas C. Erwin; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.


DATED:       June 03, 2009
             Albany, New York

Lawrence E. Kahn
U.S. District Judge

3